MAX D. GARNER
Senior Assistant Attorney General
Alaska Bar No. 9011096
1031 West 4th Avenue, Suite 200
Anchorage, Alaska 99501
Phone: (907) 269-5100
Facsimile: (907) 278-4607
max.garner@alaska.gov

Attorney for State of Alaska

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, DEPARTMENT OF TRANSPORTATION & PUBLIC FACILITIES, )))) | |
| Plaintiff, )) | Case No. _____ |
| v. )) | |
| 2.396 ACRES MORE OR LESS NEAR BETHEL, ALASKA; 3,344 SQ. FT. MORE OR LESS NEAR BETHEL, ALASKA; the BUREAU OF INDIAN AFFAIRS; EARL POLK III; WARREN POLK; VINCENTO POLK; JASON POLK; and SOPHIE EVAN ))))))))) | |
| Defendants. )) | |

## COMPLAINT IN CONDEMNATION
## (25 U.S.C. § 357)

COMES NOW the State of Alaska, Department of Transportation and Public

Facilities, by and through its counsel of record, and for its complaint in condemnation

states and alleges as follows:

## PARTIES AND PROPERTY AT ISSUE

1.      This is an action by the State of Alaska, through the Department of Transportation and Public Facilities ("DOTPF") for the fee simple acquisition of property under the power of eminent domain, and the awarding of just compensation, for a public road right-of-way across a Native allotment located near Bethel, Alaska. DOTPF is granted authority to pursue this action by AS 09.55.240 – 09.55.460, AS 19.05.080 – 19.05.090 and AS 44.42.020(b)(2).

2.      The fee simple right-of-way sought by DOTPF crosses a portion of Native Allotment F-16158, having a legal description of Lot 2 in Section 12, Township 8 North, Range 72 West, Seward Meridian, Bethel Recording District, Fourth Judicial District, State of Alaska (referenced herein as "the Polk Allotment"). This allotment is owned by defendants Earl Polk III, Warren Polk, Vincent Polk, and Jason Blaine Polk as tenants in common, subject to a federal statutory restriction on alienation without the approval of the Bureau of Indian Affairs ("BIA"). The right-of-way sought by DOTPF encompasses a total of 2.395 acres of property within the Polk Allotment, and is more fully described as *Parcel 2* in Schedules A and B that are attached to the Decisional Document for Parcel 2 filed herewith.

3.      This right-of-way will be utilized for Tundra Ridge Road, an existing but currently unmaintained dirt road that is just over a mile long located between residential neighborhoods in the western portion of the City of Bethel, and the Bethel Airport. Approximately 1,100 feet of Tundra Ridge Road is located upon the Polk Allotment.

4.      Within the Polk Allotment is a rectangular block of property approximately one acre in size that is designated as "Tract A" by Plat Number 84-11, Bethel Recording District, Fourth Judicial District, State of Alaska. This action seeks the additional acquisition of a 3,344 square foot strip of Tract A for the Tundra Ridge Road right-of-way that is more fully described as *Parcel 3* in Schedules A and B attached to the Decisional Document for Parcel 3 filed herewith**.** The record owners of Tract A are Earl Polk II (deceased) and Sophie Evan as tenants in common.

5.      Title to Tract A is presently clouded since Earl Polk II died in 2012, with DOTPF having no awareness of the extent to which subsequent probate proceedings established who acceded to his interest in the property. Additionally, BIA is presently unable to confirm whether the plat creating Tract A (i.e., Plat 84-11) was properly created and/or approved by agency officials. This makes it uncertain whether the portion of Tract A that DOTPF seeks to acquire is subject to a federal statutory restriction on alienation without BIA approval.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this matter, pursuant to 25 U.S.C. § 357, 28 U.S.C. § 1331, 28 U.S.C. § 1353 and 28 U.S.C. § 1367.

7.      Venue is proper before this Court, pursuant to 28 U.S.C. § 1403.

## FACTS

8.      Tundra Ridge Road is a dirt road just over 1 mile long located between Ptarmigan Street in the northwestern portion of the City of Bethel, and the Bethel Airport.

Complaint in Condemnation                                              Page 3 of 9
*DOTPF v. 2.396 Acres, More or Less*

The road runs between two small lakes, the largest of which (H-Marker Lake) has been utilized for float and ski-plane operations since the 1950's.

9.     A review of aerial photography from the 1950's to present shows that Tundra Ridge Road was built in two phases, with the southern half of the road constructed between the Bethel Airport and H-Marker Lake in the late 1950's. In the late 1970's the City of Bethel extended the road northwards near the west side of H-Marker Lake to Ptarmigan Street (a distance of approximately ½ mile) to provide airport and emergency vehicle access for growing residential areas located north of H-Marker Lake.

10.     In 1972, Lucy Polk submitted an application for a Native allotment encompassing property west of H-Marker Lake that had been utilized by her and family members in preceding years. She thereafter passed away in June 1973.

11.     In January 1984, the Department of Interior issued a determination of heirs finding that Lucy Polk's heirs were her four sons, all of whom are named as defendants herein. Thereafter, the Bureau of Land Management ("BLM") formally granted Lucy Polk's allotment application in February 1984. By this time, as noted above, the City of Bethel had constructed the portion of Tundra Ridge Road that crosses the Polk Allotment.

12.     At the time of her death, Lucy Polk was married to Earl Polk II, the father of the Lucy Polk's four sons. As a non-Native, however, he was ineligible to take an interest in the allotment. Accordingly, he executed a disclaimer of interest in the allotment in November 1983.

Complaint in Condemnation                                          Page 4 of 9
*DOTPF v. 2.396 Acres, More or Less*

13.     When BLM granted the application for the Polk Allotment, it is believed that Earl Polk II was living in house located within the allotment just a short distance from Tundra Ridge Road. Within a few months of the allotment application being granted, Earl Polk III signed Plat 84-11, which created a lot roughly one acre in size designated as "Tract A" surrounding his father's house. This plat was subsequently signed by BIA's area director, and thereafter approved by the Bethel Planning Commission. While Tract A is located entirely within the Polk Allotment, access to the lot was provided by the extension of Tundra Ridge Road completed in the late 1970's.

14.     On behalf of himself and his three brothers, all of whom had signed powers of attorney in his behalf, in August 1984 Earl Polk III executed a gift deed which conveyed Tract A to his father, Earl Polk II. Less than three weeks later, Earl Polk II executed a deed which conveyed Tract A to himself and Sophie Evan as tenants in common. At that time, Sophie Evan was married to Earl Polk III.

15.     There have been no recorded documents conveying any interests in the Polk Allotment or Tract A following the death of Earl Polk II.  However, under Alaska's laws of intestate succession (*see* AS 13.12.101 and AS 13.12.106), his 50 percent interest in Tract A passed to in equal measure to his four sons upon his death, with Sophie Evan continuing to hold the remaining 50 percent interest in that property.

16.     At the present time, BIA has not formally advised whether it regards Tract A as subject to the same restrictions on alienation that encumber the remainder of the

Complaint in Condemnation                                        Page 5 of 9
*DOTPF v. 2.396 Acres, More or Less*

Polk Allotment, notwithstanding the fact the plat creating Tract A was signed by BIA's regional director in 1984.

17.     In 2008, one or more members of the Polk family blocked off the 1,100-foot section of Tundra Ridge Road that runs across their allotment due to the absence of any records showing that the right-of-way had been conveyed to the City of Bethel. Subsequent efforts to negotiate a purchase of the right-of-way proved unsuccessful.

18.     Reopening Tundra Ridge Road is a matter of importance to the City of Bethel since the Bethel Police and Fire Departments strongly encourage two access points to all subdivisions. Since the closure of Tundra Ridge Road, however, subdivisions in the City's northwest portion have only one road available for emergency access purposes. Additionally, the closure of Tundra Ridge Road forces residents in these neighborhoods to drive 3.5 miles through a downtown area often congested with vehicles and pedestrians in order to reach the airport. In comparison, the distance to the airport via Tundra Ridge Road is just over one mile with minimal amounts of pedestrians or vehicle traffic.

19.     As a workaround for this access problem, during the winter months the City of Bethel will plow an ice road across H-Marker Lake, thus allowing traffic to bypass the portion of Tundra Ridge Road that is located on the Polk Allotment. But this workaround fails to provide access between breakup and freeze-up each year and carries the associated dangers present anytime vehicles are driven on lake ice.

20.    DOTPF has made repeated efforts to negotiate acquisition of the right-of-way across the Polk allotment between 2005 and the present time. All of those have been rejected by one or more of the Polk brothers. Despite BIA's active involvement in negotiation efforts, thus far the Polk brothers have yet to respond to any of DOTPF's purchase offers with a counteroffer capable of being accepted by DOTPF.

21.    Once the right-of-way across the Polk Allotment and Tract A has been secured, DOTPF intends to reconstruct the existing road and bring it up to standards appropriate for local traffic in the area. The Federal Highway Administration is prepared to provide funding support for this project if DOTPF can secure the necessary right-of-way.

## CAUSE OF ACTION
### (Condemnation – 25 U.S.C. § 357 and Fed.R.Civ.P. 71.1)

22.    Plaintiff incorporates and re-alleges paragraphs 1 through 21 above.

23.    DOTPF is entitled to obtain property necessary for the right-of-way required to reopen and reconstruct Tundra Ridge Road, all of which will benefit the residents of Bethel and the State of Alaska.

24.    The property sought to be condemned is a 2.395 acre portion of the Polk allotment which has been designated as "Parcel 2" for this project, and a 3,344 square foot portion of Tract A that has been designated as "Parcel 3."

25.    DOTPF's purpose for this acquisition is to secure the necessary right-of-way for Tundra Ridge Road, a purpose for which its powers of eminent domain may be

Complaint in Condemnation                                          Page 7 of 9
*DOTPF v. 2.396 Acres, More or Less*

properly exercised under AS 09.55.240, AS 09.55.420, AS 19.05.080 – 19.05.090, and AS 44.42.020(b)(2).

26. Consistent with the Decisional Documents for Parcels 2 and 3 submitted herewith, DOTPF has carefully evaluated the available alternatives, and has concluded that condemnation of the property referenced therein is necessary for the reopening and reconstruction Tundra Ridge Road, and that doing so is compatible with the greatest public good and least private injury.

27. Pursuant to Federal Rule of Civil Procedure 71.1, the comparable provisions Alaska Civil Rule 72(h)(2)(a), AS 09.55.420 and AS 19.05.090, DOTPF has additionally filed Declarations of Taking for the two tracts of property that are subject to this action. In support of those Declarations, DOTPF has separately filed a Notice of Deposit reflecting the deposit the following sums into the registry of the court for the benefit of the persons entitled thereto. DOTPF considers this just compensation for all interests taken, as follows:

| Parcel | Just Compensation |
|--------|-------------------|
| 2 | $99,400 |
| 3 | $8,000 |

28. Pursuant to AS 09.55.440, right and title to the parcels described herein now vests with DOTPF.

WHEREFORE plaintiff prays for relief as follows:

1. For an Entry of Judgment in Plaintiff's favor and against Defendants, declaring that Plaintiff's exercise of Eminent Domain is valid under Alaska

law and compliant with 25 U.S.C. § 357, and that Plaintiff's Complaint in Condemnation, Declarations of Taking and deposit of sums for just compensation effectuate the transfer of fee simple interests in Parcels 2 and 3 to DOTPF.

2.   For Entry of Judgment releasing the funds to Defendants, either directly or through BIA.

3.   For such other and further relief as the court may deem just and equitable in the premises.

DATED at Anchorage, Alaska this 15th day of December, 2020.


CLYDE "ED" SNIFFEN, JR.
ACTING ATTORNEY GENERAL

/s/Max D. Garner
MAX D. GARNER
Senior Assistant Attorney General
Alaska Bar #9011096
Attorney for the State of Alaska