BRYAN SCHRODER
United States Attorney

JACQUELYN A. TRAINI
JOHN A. FONSTAD
Assistant U.S. Attorneys
U.S. Attorney's Office, District of Alaska
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: Jackie.Traini@usdoj.gov
E-mail: John.Fonstad@usdoj.gov

Attorneys for Defendant Bureau of Indian Affairs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, DEPARTMENT OF TRANSPORTATION & PUBLIC FACILITIES,<br><br>                Plaintiff,<br><br>  vs.<br><br>2.396 ACRES MORE OR LESS NEAR BETHEL, ALASKA; 3,344 SQ. FT. MORE OR LESS NEAR BETHEL, ALASKA; the BUREAU OF INDIAN AFFAIRS; EARL POLK III; WARREN POLK; VINCENTO POLK; JASON POLK; and SOPHIE EVAN,<br><br>                Defendants. | Case No. 3:20-CV-00306-JWS |

# ANSWER TO THE COMPLAINT

COMES NOW Defendant, Bureau of Indian Affairs (BIA), through undersigned counsel, and in its trust capacity for and on behalf of the restricted Indian interests and allottees, hereby asserts defenses to the Complaint in Condemnation, dated December 15, 2020 ("Complaint"), and answers each numbered paragraph therein as follows. All numbered paragraphs herein correspond to the numbered paragraphs in Plaintiff's Complaint. Defendant incorporates the bold section headings from the Complaint to assist in the structure and organization of the Answer, but in doing so does not admit any allegation contained therein or waive any defense. All allegations of the Complaint that are not specifically admitted, denied, or qualified are hereby expressly denied.

## Parties and Property at Issue

1. Defendant makes no response to the legal conclusions and allegations contained in Paragraph 1, as no response is required.

2. Defendant admits that the right of way sought crosses F-16158, which has the specified legal description. Defendant admits that by reason of the Probate Decision issued by the Department of the Interior in Probate No. IP SA 31N 84, Earl Polk III, Warren Polk, Vincent Polk, and Jason Blaine Polk were determined to be the undivided interest owners of restricted

State of Alaska (DOT) v. Polk et al.
Case No. 3:20-cv-00306-JWS          Page 2 of 10

Native Allotment No. F-16158. The remaining allegations are Plaintiff's description of the property it is proposing to condemn and are not factual allegations to which a response is required. BIA has or may have an interest in some or all of the specified property in its capacity as fiduciary or quasi-fiduciary of the Native Allotment.

    3.    Defendant makes no response to the legal conclusions and allegations contained in Paragraph of 3, as no response is required. To the extent the allegations are deemed factual in nature, Defendant admits only that the portion of the road going through FF-16158 is an unmaintained dirt road located in the area of Bethel described, and that approximately 1,100 feet of the unauthorized road is located on the Polk Allotment.

    4.    Defendant admits only that within the Polk Allotment is a rectangular block of property approximately one acre in size that is designated as "Tract A" by Plat Number 84-11, Bethel Recording District, Fourth Judicial District, State of Alaska. As to the remaining allegations in Paragraph 4, Defendant is without sufficient information to admit or deny the allegations and therefore denies them.

    5.    Defendant admits only the second sentence contained in Paragraph 5. As to the remaining allegations in Paragraph 5, Defendant is

State of Alaska (DOT) v. Polk et al.
Case No. 3:20-cv-00306-JWS        Page 3 of 10

Case 3:20-cv-00306-JWS   Document 9   Filed 02/26/21   Page 3 of 10

without sufficient information to admit or deny the allegations and therefore denies them.

## Jurisdiction and Venue

6. Defendant makes no response to the legal conclusions and allegations contained in Paragraph 6, as no response is required.

7. Defendant makes no response to the legal conclusions and allegations contained in Paragraph 7, as no response is required.

## Facts

8. Defendant is without sufficient information to admit or deny the allegations and therefore denies them.

9. Defendant is without sufficient information to admit or deny the allegations and therefore denies them.

10. Admit.

11. Defendant admits only the first and second sentences in Paragraph 11. As to the remaining allegations, Defendant is without sufficient information to admit or deny the allegations and therefore denies them.

12. Defendant admits only the third sentence in Paragraph 12. As to the remaining allegations, Defendant is without sufficient information to admit or deny the allegations and therefore denies them.

State of Alaska (DOT) v. Polk et al.
Case No. 3:20-cv-00306-JWS             Page 4 of 10

13. Defendant admits only the second and third sentences in Paragraph 13. As to the remaining allegations, Defendant is without sufficient information to admit or deny the allegations and therefore denies them.

14. Defendant admits only the first and second sentence in Paragraph 14. As to the remaining allegations, Defendant is without sufficient information to admit or deny the allegations and therefore denies them.

15. Defendant is without sufficient information to admit or deny the allegations and therefore denies them. Defendant makes no response to the legal conclusions and allegations contained in Paragraph 15, as no response is required.

16. The allegations in Paraph 16 are vague and incorrectly imply that Defendant owes a legal duty. As a general matter, Defendant admits that it has not "formally advised" regarding the allegations in this sentence.

17. Defendant admits only the second sentence in Paragraph 17. As to the remaining allegations, Defendant is without sufficient information to admit or deny the allegations and therefore denies them.

18. Defendant is without sufficient information to admit or deny the allegations and therefore denies them.

State of Alaska (DOT) v. Polk et al.
Case No. 3:20-cv-00306-JWS         Page 5 of 10

19. Defendant is without sufficient information to admit or deny the allegations and therefore denies them.

20. Admit.

21. Defendant is without sufficient information to admit or deny the allegations and therefore denies them.

## Cause of Action

22. As paragraph 22 incorporates the allegations of paragraphs 1 through 21 of the Complaint, paragraphs 1 through 21 above are incorporated herein by reference.

23. Defendant makes no response to the legal conclusions and allegations contained in Paragraph 23, as no response is required.

24. Defendant makes no response to the legal conclusions and allegations contained in Paragraph 24, as no response is required.

25. Defendant makes no response to the legal conclusions and allegations contained in Paragraph 25, as no response is required.

26. Defendant is without sufficient information to admit or deny the allegations and therefore denies them.

27. Defendant admits only that the State of Alaska has provided Defendant with information that shows that the estimated just compensation due for the property it seeks to acquire in this action is $99,400 for Parcel 2;

State of Alaska (DOT) v. Polk et al.
Case No. 3:20-cv-00306-JWS        Page 6 of 10

Case 3:20-cv-00306-JWS   Document 9   Filed 02/26/21   Page 6 of 10

and $8,000 for Parcel 3. As to the remaining allegations, Defendant is without sufficient information to admit or deny the allegations and therefore denies them.

28. Defendant makes no response to the legal conclusions and allegations contained in Paragraph 28, as no response is required.

## Prayer for Relief

The remaining allegations are requests for relief to which no response is required; to the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## AFFIRMATIVE DEFENSES AND RULE 71.1 REQUIREMENTS

1. The property in which Defendant claims an interest is the same as the property identified in the Complaint in Condemnation (Dkt. 1). The legal description and Defendant's response to Paragraph 2 above is incorporated by reference.

2. Earl Polk III, Warren Polk, Vincent Polk, and Jason Blaine Polk are the undivided interest owners of restricted Native Allotment No. F-16158.

3. Plaintiff's Complaint fails in whole or part to state a claim for condemnation.

4. The State is required to establish its jurisdiction for the taking.

State of Alaska (DOT) v. Polk et al.
Case No. 3:20-cv-00306-JWS        Page 7 of 10

Case 3:20-cv-00306-JWS   Document 9   Filed 02/26/21   Page 7 of 10

5. The State has failed to establish the public purpose for the taking.

6. The State has not met its burden to justify condemnation of the property at issue. The State can achieve its objectives without needing to take the property at issue.

7. The States has failed to establish it is taking the minimum amount of land necessary for its stated public purpose.

8. If the State meets its burden to condemn any portion of the property of the Polk Defendants, they are entitled to "just compensation" for the property condemned.

9. The State is not offering just compensation for the taking.

10. Defendant asserts that it may have additional defenses which are not known to Defendant at this time, but which may be ascertained through discovery. Defendant specifically preserves these additional defenses as they may be ascertained through discovery.

WHEREFORE, having fully answered, Defendant the United States prays:

1. Plaintiff's request to condemn the land sought by eminent domain be denied.

In the alternative, that:

State of Alaska (DOT) v. Polk et al.
Case No. 3:20-cv-00306-JWS          Page 8 of 10

2. The State be required to prove its authority and the public purpose served by the taking;

3. The proper scope of estate to be taken and the minimum term of such taking be determined;

4. Just compensation due for the land to be taken and for the scope of the taking be determined;

5. And, that the Defendants be awarded any other relief to which they are entitled to include their fees and costs, including attorney fees, as may be allowed by law.

RESPECTFULLY SUBMITTED this 26th day of February, 2021, in Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/ Jacquelyn A. Traini
Assistant U.S. Attorney
Attorney for the Defendant Bureau
of Indian Affairs

State of Alaska (DOT) v. Polk et al.
Case No. 3:20-cv-00306-JWS        Page 9 of 10

Case 3:20-cv-00306-JWS   Document 9   Filed 02/26/21   Page 9 of 10

**CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2021,
a copy of the foregoing was served electronically to:

Max D. Garner
Senior Assistant Attorney General
Alaska Bar #9011096
*Attorney for Plaintiff*


s/ Jacquelyn A. Traini
Office of the U.S. Attorney

State of Alaska (DOT) v. Polk et al.
Case No. 3:20-cv-00306-JWS          Page 10 of 10

Case 3:20-cv-00306-JWS   Document 9   Filed 02/26/21   Page 10 of 10