Steven S. Tervooren, Alaska Bar No. #7910085
HUGHES WHITE COLBO
& TERVOOREN, LLC
1029 West 3rd Avenue, Suite 110
Anchorage, Alaska, 99501
Phone No.: 907-274-7522
Fax No.: 907-263-8320
Email: STervooren@hugheswhite.com

Attorneys for Defendants
Earl Polk III, Warren Polk, Vincent Polk, and Jason Polk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, DEPARTMENT OF TRANSPORTATION & PUBLIC FACILITIES,<br><br>    Plaintiff,<br><br>vs.<br><br>2.396 ACRES MORE OR LESS NEAR BEATHEL, ALASKA; 3,344 SQ. FT. MORE OR LESS NEAR BETHEL, ALASKA; the Bureau OF INDIAN AFFAIRS; EARL POLK III; WARREN POLK; VINCENTO POLK; JASON POLK; and SOPHIE EVAN,<br><br>    Defendants. | Case No. 3:20-cv-00306-JWS<br><br>**DEFENDANTS EARL POLK III, WARREN POLK, VINCENT POLK, AND JASON POLK'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants Earl Polk III, Warren Polk, Vincent Polk (Named as Vincento Polk), and Jason Polk (collectively, "Answering Defendants"), by counsel, answer Plaintiff's Complaint as follows. References to paragraph numbers correspond to the paragraph numbers used in Plaintiff's Complaint. Except as expressly admitted herein, all

1

allegations are deemed denied.

1. Paragraph 1 is Plaintiff's summary of the nature of the action. Answering Defendants do not admit the need to acquire right-of-way in fee simple rather than as an easement. Otherwise, no response to Plaintiff's summary is required.

2. Answering Defendants admit that the right-of-way proposed for acquisition crosses Native Allotment F-16158. Answering Defendants admit that they own Native Allotment F-16158 and are solely entitled to any just compensation award. Answering Defendants admit that Plaintiff has sought to describe the right-of-way to be acquired in Schedules A and B to the Decisional Document filed with the Complaint. Answering Defendants lack information sufficient to form a belief as to the accuracy of Plaintiff's area calculations.

3. Answering Defendants admit that Plaintiff seeks to transform Answering Defendants' private driveway to a public road. Answering Defendants admit that the segment of the private driveway and proposed road is generally as described.

4. Answering Defendants admit the allegations contained in paragraph 4, except the status of record ownership, as to which Answering Defendants lack information sufficient to admit or deny and the same is therefore deemed denied.

5. Answering Defendants lack information sufficient to admit or deny the allegations in paragraph 5 and the same are therefore deemed denied.

6. Answering Defendants lack information sufficient to admit or deny the allegations in paragraph 6 and the same are therefore deemed denied. Notwithstanding, Answering Defendants do not contest this Court's jurisdiction.

7. Answering Defendants do not contest venue.

8. Answering Defendants admit only that their private driveway is generally located as described. Answering Defendants deny that their driveway is a "road" other than in the sense that it is a private drive. Answering Defendants lack information sufficient to admit or deny the remaining allegations in paragraph 8 and the same are therefore deemed denied.

9. Answering Defendants deny any allegation or inference that their private driveway is a public road. Otherwise, Answering Defendants lack information sufficient to admit or deny the allegations in paragraph 9 and the same are therefore deemed denied.

10. Answering Defendants admit the allegations in paragraph 10.

11. Answering Defendants admit the allegations contained in the first two sentences of paragraph 11. Answering Defendants lack information sufficient to admit or deny the remainder of the allegations in paragraph 11 and the same are therefore deemed denied. Answering Defendants expressly deny any allegation or inference that their driveway is a "road" other than in the sense of a private drive.

12. Answering Defendants admit the allegations in Paragraph 12.

13. Answering Defendants admit only the allegations in the first, second and third sentences in Paragraph 13. As to the remaining allegations, Answering Defendants are without sufficient information to admit or deny and the same are therefore deemed

denied. Answering Defendants expressly deny any allegation or inference that their driveway is a "road" other than in the sense of a private drive.

14. Answering Defendants admit the allegations in Paragraph 14.

15. Answering Defendants are without sufficient information to admit or deny the allegations in paragraph 15 and the same are therefore deemed denied.

16. Answering Defendants are without sufficient information to admit or deny the allegations in paragraph 16 and the same are therefore deemed denied.

17. Answering Defendants admit that at some point in time they precluded access by others to their private driveway. Answering Defendants admit that a right-of-way purchase has not been negotiated to conclusion. All other allegations in paragraph 17 are denied.

18. Answering Defendants are without sufficient information to admit or deny the allegations in paragraph 18 and the same are therefore deemed denied.

19. Answering Defendants are without sufficient information to admit or deny the allegations in paragraph 19 and the same are therefore deemed denied.

20. Answering Defendants admit only that a right-of-way purchase has not been negotiated to conclusion. Answering Defendants deny Plaintiff's characterization of the history of negotiations.

21. Answering Defendants are without sufficient information to admit or deny the allegations in paragraph 21 and the same are therefore deemed denied. Answering Defendants expressly deny any allegation or inference that their driveway is a "road" other than in the sense of a private drive.

22. Paragraph 22 incorporates the allegations of paragraphs 1 through 21. Answering Defendants corresponding responses are incorporated by reference.

23. Answering Defendants are without sufficient information to admit or deny the allegations in paragraph 23 and the same are therefore deemed denied.

24. Answering Defendants are without sufficient information to admit or deny the allegations in paragraph 24 concerning the calculation of the areas of Parcels 2 and 3.

25. Answering Defendants are without sufficient information to admit or deny the allegations in paragraph 25 and the same are therefore deemed denied.

26. Answering Defendants are without sufficient information to admit or deny the allegations in paragraph 26 and the same are therefore deemed denied.

27. Answering Defendants admit, on information and belief, that Plaintiff has deposited its estimate of just compensation as recited in paragraph 27. Answering Defendants deny that the deposits are sufficient to meet the constitutional requirement of just compensation.

28. Answering Defendants are without sufficient information to admit or deny the allegations in paragraph 28 and the same are therefore deemed denied.

## PRAYER FOR RELIEF

Answering Defendants respectfully request the following relief:

1. That Plaintiff's right-of-way acquisition be limited to a Public Use Easement rather than a fee simple taking as the State cannot demonstrate necessity for a fee simple taking, or that a fee simple taking satisfies the requirement that takings by power of eminent domain balance the greatest public good with the least private harm.

2. That all funds now on deposit, and any supplemental deposits of just compensation be disbursed to Answering Defendants as their interests may appear.

3. That just compensation be determined.

4. That Answering Defendants be awarded all other relief to which they are entitled including, without limitation, pre-judgment interest, actual costs and attorneys' fees, and post-judgment interest as provided by law.

DATED at Anchorage, Alaska, this 17 day of May 2021.

> HUGHES WHITE COLBO & TERVOOREN, LLC
>
> Attorneys for Defendants
> Earl Polk III, Warren Polk,
> Vincent Polk, and Jason Polk
>
> By: /s/ Steven S. Tervooren
> Steven S. Tervooren
> ABA No. 7910085

I hereby certify that a true and correct copy
of the foregoing was served via the court's
ECF system on the 17th day of May, 2021 on:

Max Garner
Senior Assistant Attorney General
max.garner@alaska.gov

Jaquelyn A. Traini
John A. Fonstad
Assistant U.S. Attorneys
jackie.traini@usdog.gov
john.fonstad@usdoj.gov


   /s/ Steven S. Tervooren