TREG R. TAYLOR
ATTORNEY GENERAL

Max D. Garner (Alaska Bar No. 9011096)
Chief Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5160
Facsimile: (907) 279-5832
Email: max.garner@alaska.gov

Attorney for State of Alaska

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| STATE OF ALASKA, DEPARTMENT OF TRANSPORTATION & PUBLIC FACILITIES, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No.: 3:20-cv-00306-JWS |
| v. | )<br>)<br>) **SCHEDULING AND PLANNING** |
| 2.396 ACRES MORE OR LESS NEAR BETHEL, ALASKA, et al., | ) **CONFERENCE REPORT**<br>)<br>) |
| Defendants. | )<br>) |

**I.    Meeting.**

In accordance with Rules 16(a) and 26(f), Federal Rules of Civil Procedure, and with Local Civil Rules 16.1 and 26.1(b), the parties conferred on June 30, 2021; the following persons participated: Max Garner (Alaska Department of Transportation &

Public Facilities); Jacquelyn Traini (Bureau of Indian Affairs); and Steve Tervooren (Earl Polk III, Warren Polk; Vincento Polk and Jason Polk).

The parties recommend the following:

**II.  Discovery Plan.**

    A.  **Timing, Form and Disclosure Requirements**. Please refer to Rule 26(f)(3)(A), Federal Rules of Civil Procedure. Are there changes that the parties are proposing to that rule for this case under Rule 26(a)?

    Yes ☐   No ☒

    B.  **Initial Disclosures / Preliminary Witness Lists.**

        1.  The information required by Rule 26(a)(1), Federal Rules of Civil Procedure:

           (a) ☐  Has been exchanged by the parties.

           (b) ☒  Will be exchanged by the parties on or before: **October 22, 2021**.

        2.  Preliminary witness lists:

           (a) ☐  Have been exchanged by the parties.

           (b) ☒  Will be exchanged by the parties on or before: **October 22, 2021**.

3. Disclosure Statement. The disclosure requirements of Rule 7.1, Federal Rules of Civil Procedure:

   (a) ☐   Have been complied with.

   (b) ☐   Compliance will be accomplished on or before _____.

   (c) ☒   Rule 7.1 is not applicable.

C. **Subjects and Timing of Discovery**. *See* Rule 26(f)(3)(B), Federal Rules of Civil Procedure.

   1. List the subjects on which discovery may be needed:

      a. Just compensation and related appraisal issues.

      b. Project design and design alternatives.

   2. Should discovery be conducted in phases or limited to or focused on particular issues?   Yes ☐   No ☒

   3. Absent good cause, the proposed <u>date for completion of all discovery</u> should be no later than **twelve months** from the date of this report:

      <u>Response</u>:   The parties propose **October 7, 2022** for the close of discovery. This will be required to address issues in getting appraisal experts to the Bethel area during limited summer months.   This is unlikely to occur during the summer of 2021.

4. **Final Discovery Witness List.** A final discovery witness list disclosing all lay witnesses whom a party may wish to call at trial shall be served and filed on **July 8, 2022**.[1]

5. **Close of Fact Discovery.** Fact discovery will be completed on or before: **October 7, 2022**.

6. **Expert Discovery**. *See* Rule 26(a)(2), Federal Rules of Civil Procedure.

    (a) Expert witnesses shall be identified by each party on or before **April 8, 2022**, and each party may identify responsive supplemental expert witnesses within 14 days thereafter.

    (b) Expert disclosures (reports) required by Rule 26(a)(2) will be disclosed:

    (i) By all parties on or before **N/A**; <u>or</u>

    By plaintiff(s) on or before **July 8, 2022**, and by defendant(s) on or before **August 19, 2022**;

    (ii) Rebuttal reports on or before 30 days from the service of the report being rebutted.

    (c) Expert witness discovery (include depositions) shall be completed by: **October 7, 2022**.

---

[1] Each party shall make a good faith attempt to list only those lay witnesses that the party reasonably believes will testify at trial.

D.  **Preserving Discovery and Electronically Stored Information (ESI)**

1. Are there issues about the disclosure, discovery, or preservation of ESI, including the form or format in which it should be produced? *See* Rule 26(f)(3)(C), Federal Rules of Civil Procedure.

    Yes ☐   No ☒

2. Please state how ESI should be produced: **N/A**

3. Are there issues with preserving non-ESI discovery?

    Yes ☐   No ☒

E.  **Claims of Privilege or Protection of Attorney Work Product** *See* Rule 26(f)(3)(D), Federal Rules of Civil Procedure.

1. ☒   There is no indication that this will be an issue.

2. ☐   The parties have entered into a confidentiality agreement.

3. ☐   The parties will file their proposed confidentiality agreement on or before:

F.  **Limitations on Discovery.**   *See* Rule 26(f)(3)(E), Federal Rules of Civil Procedure.

1. ☒   The limitations contained in Rules 26(b), 30, and 33, Federal Rules of Civil Procedure, and in Local Civil Rules 30.1 and 36.1, will apply except as indicated below.

2. ☐ The maximum number of depositions by each party will not exceed **N/A**.

    (a) ☐ Depositions will not exceed **N/A** hours as to any deponent.

    (b) ☐ Depositions will not exceed **N/A** hours as to non-party deponents.

    (c) ☐ Depositions will not exceed **N/A** hours as to party deponents.

3. ☐ The maximum number of interrogatories posed by each party will not exceed **N/A**.

4. ☐ The maximum number of requests for admissions posed by each party will not exceed **N/A**.

5. ☐ Other limitations: **N/A.**

G. **Supplementation of Disclosures and Discovery Responses.** Please refer to Rule 26(e)(1) and (e)(2), Federal Rules of Civil Procedure. Do the parties request that the Court enter an order that is different from these rules (*e.g.* supplementation at 30-day intervals)?

Yes ☐ No ☒

III. **Pretrial Motions.**

    A. Are there preliminary motions as to jurisdiction, venue, arbitration, and/or statutes of limitation that should be filed within 60 days?

    Yes ☐   No ☒

    B. Motions must be served and filed within the times specified in applicable rules. Complete the following only if the parties are proposing deadline(s) that are different from the applicable rules:

        1. Motions to amend pleadings or add parties will be filed not later than **October 8, 2021**. Thereafter, a party must seek leave of the Court to modify this deadline. *See* Rule 16(b)(3)(A) and (4), Federal Rules of Civil Procedure.

        2. Motions under the discovery rules will be filed not later than: **October 7, 2022**.

        3. Dispositive motions (including motions for summary judgment) will be filed not later than **January 13, 2023**.

        4. Motions to exclude expert testimony shall be filed and served not later than: **January 13, 2023**.

IV. **Trial.**

    A. The case is expected to take: **5 days**.

    B. Has a jury trial been demanded?   Yes ☐   No ☒

C. Is the right to jury trial disputed? Yes ☐ No ☒

D. The parties ☐ do / ☒ do not request the scheduling of a trial date at this time.[2]

   1. If a trial date is requested at this time, the parties' report shall include a minimum of three alternative dates for the start of the trial, at least two of which are <u>5 to 7 months</u> from the close of all discovery.

   2. If a trial date is not established at this time, the court will call upon the parties to certify that the case is ready for trial as provided in Local Civil Rule 40.1(b).

V. **Other Provisions.**

   A. **Court Conference.** The parties ☒ do / ☐ do not request a conference with the court before entry of a scheduling order.

   <u>Reason for Conference</u>: At present the parties are grappling with the issue of whether the provisions of Alaska Civil Rule 72(h)(3) are applicable in the context of this proceeding. Under that provision, the superior court appoints a master who will "hear evidence and ascertain the amount to be paid by plaintiff." *Id.* The master thereafter submits a report to the court with his/her

---

[2] The decision of whether to establish a trial date at this stage of the proceedings rests with the discretion of the assigned judge. Counsel and self-represented parties are advised to contact the assigned judge's Data Quality Analyst (DQA) to determine the judge's practice for establishing a trial date.

findings regarding just compensation. *See* Alaska Civil Rule 72(h)(4). Either party may thereafter submit an appeal for a trial *de novo*, with Alaska Rule 72(h)(6) providing that a jury trial may be demanded within 20 days of an appeal being filed.

The Alaska Department of Transportation & Public Facilities is amenable to following that course here, but is reluctant to do so without first seeking the Court's concurrence that utilizing the procedures called for in Alaska Civil Rule 72(h) is permissible and appropriate under Fed.R.Civ.P. 71.1(k). The Court would also have to appoint the master agreed to by the parties, or appoint a master from lists submitted by the parties if no agreement could be reached on that issue.

If the Court determines that the parties may go forward with a master's hearing in this matter, the parties propose a deadline of **August 16, 2021**, for the parties to either submit a stipulation as to the agreed upon master, or if an agreement cannot be reached, a list of proposed candidates from which the Court can select. Some adjustment of the discovery deadlines herein may be required in the future depending on the master's schedule and availability.

B. **Consent to Proceed before a Magistrate Judge.**

The parties ☐ do / ☒ do not consent to trial before a magistrate judge.

C. **Early Settlement / Alternative Dispute Resolution.**

1. Do the parties request immediate assistance by way of a settlement conference or alternative dispute resolution?

    Yes ☐   No ☒

2. Do the parties wish to consider private mediation or a settlement conference with a judicial officer of this court at a later date?

    Yes ☒   No ☐

D. **Related Cases.** Are the parties aware of any related cases as defined by Local Civil Rule 16.1(e)?   Yes ☐   No ☒

VI. **Report Form.**

A. Have the parties experienced a problem in using this form?

    Yes ☐   No ☒

B. Are there additional subjects that the parties would propose to add to this form?   Yes ☐   No ☒

*SOA, DOTPF v. Polk, et al.,*  Case No.: 3:20-cv-00306-JWS
Scheduling and Planning Conference Report  Page 10 of 12

Case 3:20-cv-00306-JWS   Document 19   Filed 07/08/21   Page 10 of 12

DATED: July 8, 2021.

                        TREG R. TAYLOR
                        ATTORNEY GENERAL

By: /s/ Max D. Garner
     Max D. Garner
     Chief Assistant Attorney General
     Alaska Bar No. 9011096
     Department of Law
     1031 West Fourth Avenue, Ste. 200
     Anchorage, AK 99501
     Phone: (907) 269-5160
     Facsimile: (907) 279-5832
     Email: *max.garner@alaska.gov*

     Attorney for State of Alaska

/s/Jackie Traini
Jackie Traini
Assistant U.S. Attorney,
District of Alaska
222 West 7th Avenue, Room 253, #9
Anchorage, AK 99513
Phone: 907-271-4273
Fax: 907-271-2344

/s/ Steven S. Tervooren
Steve S. Tervooren
Hughes White Colbo & Tervooren, LLC
1029 W. 3rd Avenue, Suite 110
Anchorage, AK 99501
Tel: (907) 263-8248
Fax: (907) 263-8320

**Certificate of Service**

I certify that on **July 8, 2021** the foregoing was served via the court's ECF system on:

>Jacquelyn A. Traini
>John A Fonstad
>Assistant U.S. Attorneys
>Jackie.Traini@usdoj.gov
>John.Fonstad@usdoj.gov

>Steven S. Tervooren
>Hughes White Colbo Wilcox & Tervooren, LLC
>stervooren@hugheswhite.com

/s/Max D. Garner
Max D. Garner, Chief Assistant Attorney General