TREG R. TAYLOR
ATTORNEY GENERAL

Max D. Garner (Alaska Bar No. 9011096)
Chief Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5160
Facsimile: (907) 279-5832
Email: *max.garner@alaska.gov*

Attorney for State of Alaska

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, DEPARTMENT OF TRANSPORTATION & PUBLIC FACILITIES, <br><br> Plaintiff, <br><br> v. <br><br> 2.396 ACRES MORE OR LESS NEAR BETHEL, ALASKA, *et al.,* <br><br> Defendants. | Case No.: 3:20-cv-00306-JWS <br><br> **NON-OPPOSED MOTION FOR ORDER CONFIRMING RIGHT TO POSSESSION** |

Pursuant to AS 09.55.450(a), the State of Alaska Department of Transportation & Public Facilities ("DOTPF") hereby moves for entry of an order confirming its ownership and right to enter onto the property designated as Parcels 2 and 3 in the declaration of taking filed with the condemnation complaint. *See* Dockets 1-1 and 1-3. Counsel for the individual defendants who have appeared in this matter, and the Bureau of Indian Affairs ("BIA"), have advised that they do not oppose this motion.

I.  Background and Summary of Requested Relief

This condemnation action and associated declarations of taking were filed on December 16, 2020 in connection with the Tundra Ridge Road Reconstruction Project (the "Project"). *See* Docket 1. As detailed in the decisional documents filed with the declarations of taking, the Project's objective is to construct a one-mile road to allow people living in Bethel's western neighborhoods to avoid a 3.5 mile drive through Bethel's central business district to reach the community's airport and health care facilities. *See* Dockets 1-1 and 1-3.

Two pieces of real estate are at issue here. The first, identified in the pleadings as "Parcel 2", is a strip of property approximately 100 feet wide that crosses the Native allotment owned by Earl Polk III, Warren Polk, Vincento Polk and Jason Polk as tenants in common (totaling approximately 2.396 acres). *See* Docket 1-1 at 6. The second piece of real estate, identified as "Parcel 3" in the pleadings, is a small rectangular block of property measuring 3,344 square feet in size. Parcel 3 is located within a one-acre lot created in 1984 and thereafter deeded to Earl Polk II, the father of the Polk defendants, who lived in a house located on the lot prior to his passing in 2012. Sophie Evan is a defendant in this matter since records suggest that Earl Polk II may have conveyed to her a 50% interest in his lot after he acquired it in 1984. *See* Docket 1-3 at 6.

The individual defendants were served with notice of this proceeding between December 18, 2020, and January 6, 2021. *See* Docket 5. No defendant has filed a motion to challenge necessity and authority for the acquisition. DOTPF accordingly seeks entry
SOA, DOTPF v. Polk, et al.,                          Case No.: 3:20-cv-00306-JWS
Non-Opposed Motion                                           Page 2 of 7
Case 3:20-cv-00306-JWS    Document 30    Filed 09/08/21    Page 2 of 7

of an order that: (1) confirms its right of ownership and possession with regard to Parcels 2 and 3; (2) sets a date by which DOTPF can take actual possession of the property; and (3) distributes funds which were previously paid into the court registry.

II.     Legal Authority

Under 25 U.S.C. § 357, state or local governments may condemn "lands allotted in severalty to Indians…for any public purpose under the laws of the State or Territory where located in the same manner as land owned in fee may be condemned, and the money awarded as damages shall be paid to the allottee." Accordingly, analysis of whether the condemning agency has demonstrated sufficient necessity and authority for a taking under this statute is a question resolved under state law.

The authority of DOTPF to condemn property required for highway construction projects is recognized by several different Alaska Statutes. See AS 09.55.240; AS 19.05.080; and AS 44.42.020(b)(2). Under Alaska law, a condemning agency must demonstrate that the property will be put to a legislatively recognized public use, and that the taking is necessary to accomplish that use. AS 09.55.270(1)–(2). For a condemning agency to demonstrate necessity, Alaska law requires "no more than that the particular taking be shown to be 'reasonably requisite and proper for the accomplishment of the purpose for which it is sought.' " *City of Fairbanks v. Metro Co.*, 540 P.2d 1056, 1058 (Alaska 1975) (quoting *Arco Pipeline Co. v. 360 Acres, More or Less*, 539 P.2d 64, 71 (Alaska 1975)). Once the condemning agency has demonstrated that a taking is "reasonably requisite" for the public purpose for which it is sought, "particular questions

SOA, DOTPF v. Polk, et al.,                                              Case No.: 3:20-cv-00306-JWS
Non-Opposed Motion                                                                      Page 3 of 7
Case 3:20-cv-00306-JWS   Document 30   Filed 09/08/21   Page 3 of 7

as to the route, location, or amount of property to be taken are to be left to the sound discretion of the condemning authority." *Id*.[1]

Under AS 09.55.440(a), upon the filing of a declaration of taking and deposit with the court of estimated compensation, "…title to the estate as specified in the declaration vests in the plaintiff, and the right to just compensation for it vests in the persons entitled to it." From there, AS 09.55.540(a) provides in relevant part:

> **Right of entry and possession.**
>
> (a) Upon the filing of the declaration of taking and the deposit of the estimated just compensation, the court may, upon motion, fix the time during which and the terms upon which the parties in possession are required to surrender possession to the petitioner. However, the right of entry may not be granted the plaintiff until after the running of the time for the defendant to file an objection to the declaration of taking.

In the same manner as Fed.R.Civ.P. 71.1, the comparable provisions of the Alaska Civil Rule 72 provide that a defendant in a condemnation proceeding must file any challenge to authority and necessity no later than twenty days following service of the condemnation complaint and declaration of taking. *See* Alaska Civil Rule 72(e). Thus, whether viewed under federal or state procedural rules, DOTPF is now entitled to an order confirming that is has acquired legal title to Parcels 2 and 3, and will be entitled to take possession of the same at a date set by the Court.

---

[1] To set aside the reasons for the necessity of the taking, the party opposing condemnation must demonstrate by clear and convincing evidence that the condemning authority's decisions "are the product of fraud, caprice, or arbitrariness." *Id*.

SOA, DOTPF v. Polk, et al.,            Case No.: 3:20-cv-00306-JWS
Non-Opposed Motion            Page 4 of 7
Case 3:20-cv-00306-JWS Document 30 Filed 09/08/21 Page 4 of 7

As detailed in the decisional documents filed with the complaint, DOTPF has determined that it has the requisite authority and necessity for condemnation of Parcels 2 and 3. With no challenge to those determinations having been filed within the time allowed by Fed.R.Civ.P. 71(e) or Alaska Civil Rule 72(e)(1), DOTPF is accordingly entitled to entry of an order confirming its right to take possession of these properties.

Notwithstanding the order requested through this motion, the amount of just compensation that DOTPF owes will remain an active issue that will either be negotiated by the parties, or resolved by the court, in the future.

DOTPF does not require possession of Parcel 2 and 3 this year, and the parties are presently working on arrangements to relocate buildings presently located on Parcel 2 to alternate locations. Accordingly, DOTPF requests a date of July 31, 2022, for taking actual possession of these properties.[2]

III. Disbursement of Funds

As addressed by the order entered at Docket 29, the funds DOTPF deposited with the court when this action was filed will be distributed to Earl Polk III, Warren Polk, Vincento Polk and Jason Polk, with the exception of $4,000 for the 50% share of Parcel 3

---

[2] Under the Uniform Relocation Assistance and Real Property Acquisition Act, 42 U.S.C. § 4601 *et seq*., the Polk defendants will have an additional 90 days following right of entry and possession to move any buildings (by non-opposing this motion the Polk defendants do not assume any obligations or waive any rights or issues concerning relocation responsibilities of the State). Thus, October 29, 2022 will be the effective deadline for building relocation.

SOA, DOTPF v. Polk, et al.,     Case No.: 3:20-cv-00306-JWS
Non-Opposed Motion     Page 5 of 7
Case 3:20-cv-00306-JWS    Document 30    Filed 09/08/21    Page 5 of 7

that may belong to Sophie Evan. That $4,000 will remain on deposit until the extent of her ownership interest in Parcel 3 is resolved.

IV. <u>Conclusion</u>

Based upon the above cited statutes and civil rules, DOTPF requests this Court enter an order confirming DOTPF's ownership of Parcels 2 and 3 and its right to take possession effective July 31, 2022. A proposed order is filed herewith.

DATED: September 8th, 2021.

                              TREG R. TAYLOR
                              ATTORNEY GENERAL

By:   */s/ Max D. Garner*
       Max D. Garner
       Chief Assistant Attorney General
       Alaska Bar No. 9011096
       Department of Law
       1031 West Fourth Avenue, Ste. 200
       Anchorage, AK 99501
       Phone: (907) 269-5160
       Facsimile: (907) 279-5832
       Email: *max.garner@alaska.gov*

       Attorney for State of Alaska DOTPF

SOA, DOTPF v. Polk, et al.,                                                    Case No.: 3:20-cv-00306-JWS
Non-Opposed Motion                                                               Page 6 of 7
Case 3:20-cv-00306-JWS   Document 30   Filed 09/08/21   Page 6 of 7

**Certificate of Service**

      I certify that on September 8, 2021 the foregoing, was served electronically via the Court's ECF system on the following:

      Jacquelyn A. Traini
      John A Fonstad
      U.S. Attorney's Office (District of Alaska)
      *jackie.traini@usdoj.gov*
      *john.fonstad@usdoj.gov*

      Steven S. Tervooren
      Hughes White Colbo & Tervooren, LLC
      *stervooren@hugheswhite.com*

*/s/Max D. Garner*
Max D. Garner,
Chief Assistant Attorney General

SOA, DOTPF v. Polk, et al.,        Case No.: 3:20-cv-00306-JWS
Non-Opposed Motion        Page 7 of 7
Case 3:20-cv-00306-JWS    Document 30    Filed 09/08/21    Page 7 of 7