S. LANE TUCKER
United States Attorney

JACQUELYN A. TRAINI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: Jackie.Traini@usdoj.gov

Attorneys for Defendant Bureau of Indian Affairs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, DEPARTMENT OF TRANSPORTATION & PUBLIC FACILITIES,<br><br>          Plaintiff,<br><br>vs.<br><br>2.396 ACRES MORE OR LESS NEAR BETHEL, ALASKA, *et al.*,<br><br>          Defendants. | Case No. 3:20-CV-00306-JWS |

**UNOPPOSED MOTION TO SUBSTITUTE EXPERT**

      The United States, Bureau of Indian Affairs (BIA), seeks to substitute its expert listed at Docket 44, Paragraph 6 and amend the scheduling order at Dkt. 27 accordingly. The Polks, through counsel, do not oppose this motion.

The State of Alaska also does not oppose.

## BACKGROUND

BIA had anticipated its expert appraiser would be a suitable expert regarding valuation and therefore, retained him in this matter. Unfortunately, there have been issues with him adhering to the deadline for his services, which are outlined in detail in undersigned's declaration. *See* Traini Decl. Specifically, he notified the Government he was unable to completely meet his deadline, despite having adequate notice of when it would be. *Id.* He also was seeking to charge over twenty-times his contracted amount to complete the work. *Id.* This expert estimated he had approximately 430 hours of work remaining to complete the project. At that time, there were only 160 standard working hours until the project was due. *Id.* Lastly, after the initiation of his contract, counsel became aware of a State Court Order criticizing the professionalism and veracity of his work in 1JU-19-00943CI. Ex. A.

Because of these issues, BIA seeks to retain another qualified expert on whose opinion the Court may rely for a valuation of the subject property. BIA has located another qualified appraiser and requests the Court extend the expert reporting deadline to January 2, 2023.

## ARGUMENT

Federal Rule of Civil Procedure 16, provides that a pretrial schedule "may be modified only for good cause and with the judge's consent." Fed. R.

Civ. P. 16(b)(4); *Fujifilm Corp. v. Motorola Mobility LLC*, 2014 WL 8094582, at *1 (N.D. Cal. Nov. 19, 2014) (citing cases). "Good cause requires a showing of diligence." *Fujifilm*, 2014 WL 8094582, at *1 (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking the modification. If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609 (internal citation omitted). "What constitutes good cause sufficient to justify the modification of a scheduling order necessarily varies with the circumstances of each case." *Rang Dong Joint Stock Co. v. J.F. Hillebrand USA, Inc.*, 2020 WL 3841185, at *3 (E.D. Cal. July 8, 2020) (quoting 6A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1522.2 (3d ed. 2019)).

Federal Rule of Civil Procedure 6(b) also applies where substitution is sought after applicable scheduling order deadlines have passed. *Miesen v. Henderson*, 2022 WL 392931 at *2 (citing Fed.R.Civ.P. 6(b)(1) and *Harrison v. United States*, 2021 WL 1269119, at *8 (D. Alaska Apr. 6, 2021)). Rule 6(b)(1) provides, in pertinent part: "When an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1); see also, *Martinez v. Tarrant*, 59 F. App'x 998,

999 (9th Cir. 2003) (affirming district court order denying leave to substitute expert witness because "[p]laintiffs did not demonstrate that the late disclosure was due to excusable neglect"). "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223–24 (9th Cir. 2000). Rule 6(b), "like all the Federal Rules of Civil Procedure, [is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (citation omitted).

Courts have found good cause exists to modify a scheduling order when an expert would no longer adhere to the agreement. *See Landes v. Skil Power Tools*, 2013 WL 6859837, at *3 (E.D. Cal. Dec. 30, 2013) (good cause existed where movant began search for new expert and promptly conferred with opposing counsel upon learning retained expert would no longer adhere to agreement). In this case, good cause is present because the expert is unable to fully meet the deadlines given for his services and is seeking to charge twenty-times over the contracted amount, which the Government finds unreasonable. The Government promptly moved to discharge the expert and find a suitable and willing replacement.

*Excusable Neglect Factors*

The first factor for the Court to consider is the prejudice to the opposing party. Here, there is little prejudice, other than delay. All parties to this action have non-opposed this motion. This Court has already confirmed the taking—the only issue remaining is the valuation of property, thus there will almost be no change to the state of the litigation. It will not require the State of Alaska to retain new experts, or otherwise significantly impact their litigation strategy.

Allowing BIA to substitute its expert will also not unnecessarily delay the proceedings. As soon as the issues with the expert became apparent, the Government immediately began searching for a substitute expert. Traini Decl. The Government quickly retained a substitute expert. The scope of the work for the substitute expert will simply require the substituted expert to perform a valuation for the property in question and write a report memorializing their opinion. This can be accomplished on an expedited basis and will not cause unnecessarily delays in the proceedings.

The third factor weighs heavily in the Government's favor. The expert at issue was not able to fully meet his agreed upon deadline and is seeking to charge more than the ceiling of the contract. Unfortunately, he is the sole cause for BIA's need to retain a new expert and the events could not have been foreseen. Traini Decl.

*State of Alaska (DOT) v. Polk et al.*
Case No. 3:20-cv-00306-JWS  5

Finally, the Court must consider whether BIA has acted in good faith. Here, the Government's expert was timely retained and given his agreed upon assignment. It could not be reasonably foreseen that he would fail to meet his deadline and that he would seek to charge well in excess of the agreed upon contract amount. *Id*. In addition, the State Court Order criticizing his credibility and veracity was not issued until June 10, 2022—over a year after he was retained in this matter. Ex. A. Had such an opinion been issued about the expert at the outset of this litigation, the Government would have never retained him. As noted above, BIA has been diligent in addressing this issue.

Because the Government does not wish to proffer an unqualified expert before the Court, and because this expert cannot fully meet his contracted duties, BIA hereby requests permission of the Court to replace him and reset the relevant deadlines accordingly.

RESPECTFULLY SUBMITTED on September 13, 2022, at Anchorage, Alaska.

S. LANE TUCKER<br>
United States Attorney<br>
<br>
s/ Jacquelyn A. Traini<br>
Assistant U.S. Attorney<br>
Attorney for the Defendant Bureau<br>
of Indian Affairs

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2022,
a true and correct copy of the foregoing
was served electronically to:

Aisha Tinker Bray
Assistant Attorney General
*Attorney for Plaintiff*

Max D. Garner
Senior Assistant Attorney General
*Attorney for Plaintiff*

Steven S. Tervooren
Hughes White Colbo & Tervooren, LLC
*Attorneys for Defendants*
Earl Polk III, Warrant Polk, Vincent Polk, and Jason Polk

s/ Jacquelyn A. Traini
Office of the U.S. Attorney