S. LANE TUCKER
United States Attorney

JACQUELYN A. TRAINI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: Jackie.Traini@usdoj.gov

Attorneys for Defendant Bureau of Indian Affairs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, DEPARTMENT OF TRANSPORTATION & PUBLIC FACILITIES,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>2.396 ACRES MORE OR LESS NEAR BETHEL, ALASKA, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 3:20-CV-00306-JWS |

**DECLARATION OF AUSA JACQUELYN A. TRAINI IN SUPPORT OF DEFENDANT'S MOTION TO SUBSTITUTE EXPERT**

I, Jacquelyn A. Traini, declare under penalty of perjury that the following is true:

1. This case involves an eminent domain action filed by the State of Alaska. Dkt. 1.

2. When preparing to defend the case, I consulted with numerous appraisers with the advice and assistance of the Bureau of Indian Affairs, as is our routine practice.

3. I was met with several rejections from qualified appraisers for this project due to the timing of COVID-19 in Alaska as well as the remote location of the property to be appraised in Bethel, Alaska.

4. I sought information from Department of Interior's Appraisal and Valuation Services Office (AVSO) in an attempt to find anyone who might be willing to appraise this property.

5. I contacted numerous recommendations from their office and consulted with other Department of Justice attorneys.

6. After an exhaustive search, I relied on the information from DOI's AVSO, and retained a recommended appraiser in good faith.

7. The expert's contract with the United States Attorney's Office was issued on April 5, 2021. The contact requires that the expert comply with all requirements of the court and any services that may exceed the amount of the contract must be approved in advance by the USAO.

8. He was noticed as an expert witness in this matter on April 7,

*State of Alaska (DOT) v. Polk et al.*
Case No. 3:20-cv-00306-JWS 2

2022. Dkt. 44, ¶ 6.

9. I personally notified this expert on several occasions of the expert reporting deadline in this case. He assured me timing would not be an issue.

10. On June 17, 2022, I became aware of an Order from Juneau criticizing this expert's professionalism and credibility.

11. On June 28, 2022, I spoke with the expert again about the project and about the Juneau Order. He offered reassurance.

12. On July 6, 2022, the expert submitted a bill that was more than double the amount remaining on his contract.

13. On July 21, 2022, Civil Chief Marie Scheperle contacted the expert and requested a more detailed invoice and requested an estimate on the time needed to complete his work.

14. On July 22, 2022, the expert submitted a second bill that was again more than the amount of original contract, which meant that he was requesting that the Government pay approximately three times the amount of his original contact.

15. That same day, the expert notified me he required an extension "of at least 4 weeks, and 8 weeks to be on the safe side," to meet the reporting deadline.

16. Given he had had the project for fifteen months at that point, I

found his request unreasonable.

17. That same day, the expert responded to Civil Chief Scheperle's request and provided an estimate of his remaining work on the project which exceeded his contracted amount by approximately twenty times.

18. In addition, he estimated he had approximately 430 hours of work remaining to complete the project. At that time, there were only 160 standard working hours until the project was due.

19. At that point, I immediately began working with BIA in search of a replacement appraiser.

20. I have now found a willing replacement appraiser.

21. I communicated with Steve Tervooren and Aisha Bray, and they both indicated they do not oppose this request.

22. I have acted in good faith throughout my actions described above and did not intend to cause delay or prejudice to Plaintiff.

Date: 09/13/2022

S. LANE TUCKER
United States Attorney

s/ Jacquelyn A. Traini
Assistant U.S. Attorney
United States of America

Declarations have the same legal force as affidavits. 28 U.S.C. § 1746

*State of Alaska (DOT) v. Polk et al.*
Case No. 3:20-cv-00306-JWS 4

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2022,
a true and correct copy of the foregoing
was served electronically to:

Aisha Tinker Bray
Assistant Attorney General
*Attorney for Plaintiff*

Max D. Garner
Senior Assistant Attorney General
*Attorney for Plaintiff*

Steven S. Tervooren
Hughes White Colbo & Tervooren, LLC
*Attorneys for Defendants*
Earl Polk III, Warrant Polk, Vincent Polk, and Jason Polk

s/ Jacquelyn A. Traini
Office of the U.S. Attorney

*State of Alaska (DOT) v. Polk et al.*
Case No. 3:20-cv-00306-JWS  5